UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HAROLD SIMMONS | CIVIL ACTION NO. 07-1653 |
| VS. | SECTION P |
| TIM WILKINSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is petitioner Harold Simmons's *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on October 2, 2007. Simmons is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Winn Correctional Center. He claims that he is in custody in violation of the Constitution of the United States because the Louisiana Board of Parole denied him the right to counsel and then revoked his parole following a parole revocation hearing convened on June 3, 2004.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

The petition, its accompanying memorandum and exhibits

provide little information concerning the reasons for petitioner's incarceration. It must be assumed that he was convicted of some felony offense and committed to the custody of the LDOC on some date prior to May 19, 2004. Again, it must be assumed that on some date prior to May 19, 2004, he was released from the physical custody of the LDOC on parole and was advised of certain conditions of parole.

On May 22, 2004 he was provided Notice of Preliminary Hearing by his Parole Officer, Charles Stephenson. This Notice was dated May 19, 2004. Among other things, Mr. Stephenson alleged that petitioner was in violation of the conditions of parole in two respects. According to the Notice served by Mr. Stephenson, petitioner was obliged to report to his parole officer on a monthly basis; he failed to report to his parole officer after March 11, 2004. Further, the Notice indicates that petitioner is a sex offender who was obliged to register as a sex offender within 21 days of his release on parole; according to Mr. Stephenson, when petitioner failed to register within the 21 day period he was afforded an additional 15 days within which to register and he failed to meet that amended deadline. According to the Notice, petitioner waived counsel and requested a Preliminary Hearing which was scheduled for June 3, 2004. [See doc. 1-4, p. 2]

Petitioner implies that on June 3, 2004 he was brought

before the Parole Board for a revocation hearing. According to petitioner, he requested that counsel be appointed to represent him at the hearing but his request was denied and his parole was revoked resulting in his current incarceration. [doc. 1-3, p. 4]

He further implies that he did not seek review of the revocation of his parole in the courts of Louisiana. [see doc. 1-1] Furthermore, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court writ judgments involving the petitioner.

Sometime prior to September 12, 2007 petitioner applied to the Louisiana Parole Board for a re-hearing. On September 12, 2007 he was advised that his application had been received and that it would be scheduled for review by the Parole Board on September 19, 2007 as an administrative hearing. [doc. 1-4, p. 4] Petitioner has not alleged the outcome of the hearing, but it is presumed that his request for parole was denied.

### Law and Analysis

#### 1. Limitations

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. <u>Villegas v. Johnson</u>, 184 F.3d 467, 468 (5th Cir. 8/9/1999); <u>In Re Smith</u>, 142 F.3d 832, 834, citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S.Ct. 2059,

138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court.[1]

Since petitioner does not challenge his underlying conviction the limitations period for any attack on the revocation of his parole began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. §2244(d)(1)(D).

Petitioner discovered the factual predicate of his claim on June 3, 2004, the date of the parole revocation hearing. Thus, the one-year period of limitations expired on June 3, 2005. Clearly, more than one-year elapsed between the date of petitioner's parole revocation hearing and the date he filed his federal petition for writ of *habeas corpus*.

---

[1] The statute provides: "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

Petitioner's pleadings do not suggest that he is entitled to rely on either statutory or equitable tolling. With regard to statutory tolling, 28 U.S.C. §2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." By his own admission [see doc. 1-1, paragraph 10] petitioner did not seek either direct or collateral review of the parole revocation. He applied for a re-hearing in September 2007, but by that time, the limitations period had already expired and could not be revived by the filing of that application.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). The pleadings and exhibits submitted by the petitioner suggest no reason which would support equitable tolling of the statute of limitations. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by

timely filing his *habeas* claims.

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply.

## 2. Merits

Finally, even if the petition had been timely filed, or even if petitioner should be afforded the benefits of either equitable or statutory tolling, his claim is subject to dismissal on the merits. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of *habeas* petitions by the court and further provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Citing <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "...under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Petitioner claims that he was entitled to be represented by counsel at his parole revocation hearing. A parolee's rights in the context of a revocation proceeding are governed by the Due Process Clause of the Fourteenth Amendment. See <u>Morrissey v. Brewer</u>, 408 U.S. 471, 485, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Although a parolee is not entitled to the full panoply of rights that apply in a criminal prosecution, it is settled that parole revocation proceedings must meet the "minimum requirements of due process" by providing the following procedural safeguards:

1. written notice of claimed violations of parole;

2. disclosure to the parolee of the evidence against him;

3. opportunity to be heard in person and to present witnesses and documentary evidence;

4. the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds a good cause for not allowing confrontation);

5. a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

6. a written statement by the fact finders as to the evidence relied on and reasons for revoking parole. Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (quoting Morrissey, 408 U.S. at 489); see also Williams v. Johnson, 171 F.3d 300, 304 (5th Cir.), cert. denied, 528 U.S. 882, 120 S.Ct. 197, 145 L.Ed.2d 165 (1999).

Petitioner was provided written notice; the evidence against him was disclosed in advance of the hearing; he was afforded the opportunity to be heard and to present evidence in support of his claim; he was allowed to confront and cross examine the witnesses

against him; his hearing was before a neutral and detached hearing body; and the parole board apparently provided a written statement of the evidence relied upon to revoke parole [doc. 1-4, pp. 1-2].

In any event, petitioner did not claim any such violations. Instead, he has complained only that he was denied the right to counsel at his parole revocation hearing.

The Supreme Court has emphasized that, in contrast to a criminal prosecution, the parole revocation proceeding is informal in nature. See Gagnon, 411 U.S. at 788-89 (noting "critical differences between criminal trials and probation or parole revocation hearings"); Morrissey, 408 U.S. at 480 (beginning with the proposition that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations"). The Court has therefore held that states have no constitutional obligation to provide counsel for indigents in all probation or parole revocation cases, reasoning as follows: "In most cases, the probationer or parolee has been convicted of committing another crime or has admitted the charges against him. And while in some cases he may have a justifiable excuse for the violation or a convincing reason why revocation is not the appropriate disposition, mitigating evidence of this kind is often not susceptible to proof or is so simple as not to

require either investigation or exposition by counsel." Gagnon, 411 U.S. at 787. Instead, the need for counsel is determined on a "case-by-case basis in the exercise of a sound discretion by the state authority charged with the responsibility for administering the probation and parole system." *Id.* at 790. In making that determination, the Supreme Court offers the following guideline: "... counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." *Id.* The agency responsible for appointing counsel "also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself." *Id.* at 790-91.

Petitioner was apparently accused of violating the conditions of parole which required him to report to his parole officer and to register as a sex offender. [doc. 1-4, p. 2] Petitioner has not alleged that he was factually innocent of these violations or that there was evidence in mitigation that

excused these violations. Indeed, it appears that he was fully capable of presenting evidence in mitigation. Based on the pleadings and exhibits, it does not appear that petitioner's due process rights were violated by the Parole Board's refusal to appoint counsel. In short, petitioner's petition for *habeas corpus* fails to state a claim for which relief may be granted. He has not shown that the Parole Board's failure to appoint counsel resulted in a denial of due process. Thus, he has not established that his custody is in violation of the Constitution or laws of the United States.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d); or, in the alternative,

**IT IS RECOMMENDED** that the petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases since petitioner has failed to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10)

days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 13th day of November, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE